**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHUBIAO WEI,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-565

Agency No.
A088-294-119

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023\*\*

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

    Shubiao Wei, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for adjustment of status.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions

---

    \*    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of Wei's application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). Wei fails to establish that the agency relied on improper factors, *see, e.g., Ridore v. Holder*, 696 F.3d 907, 920-21 (9th Cir. 2012) (denial of discretionary relief involved consideration of record as a whole, including immigration history), and he otherwise does not raise a colorable legal or constitutional claim over which we retain jurisdiction, *see* 8 U.S.C. § 1252(a)(2)(D); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (abuse of discretion argument cloaked as due process claim not colorable).

We do not consider the affidavit referenced in Wei's opening brief that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**